NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. DAVID JAMES MATTHEW, Defendant-Appellant. | No. 16-30268 D.C. No. 1:15-cr-00081-SPW-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted February 5, 2018
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and MCSHANE,[**] District Judge.

David Matthew was convicted of being a felon in possession of firearms and

ammunition, in violation of 18 U.S.C. § 922(g)(1). Matthew appeals the district

court's denial of his motion to suppress evidence as well as the imposition of three

special conditions of supervised release. We have jurisdiction under 28 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

1291. We affirm the district court's denial of the motion to suppress. We vacate the three special conditions of supervised release and remand for further factual findings and resentencing.

1.      Matthew argues that his Fourth Amendment rights were violated during Officer Waldo's initial contact with Matthew and the ensuing search, and that therefore the evidence gathered in the search should be suppressed. He makes two distinct arguments. First, he contends that Waldo entered the screened front patio without a valid warrant, which directly violated the Fourth Amendment, as the triggering conditions for the anticipatory search warrant had not been met. Second, he contends that the terms of the anticipatory search warrant were never met, as Matthew did not re-enter the residence with the package, and therefore the subsequent search of Matthew's residence lacked probable cause. We will address each argument in turn.

Waldo did not violate the Fourth Amendment by entering the screened front patio in order to deliver the package containing marijuana. As Matthew recognizes, the front patio area was part of the curtilage of the house. *See Florida v. Jardines*, 569 U.S. 1, 7 (2013) (stating that the "front porch is the classic exemplar" of curtilage). The curtilage is considered to be part of the home for the purposes of the Fourth Amendment inquiry. *Id.* at 6. There is, however, an implicit license for police officers to enter the curtilage, provided that they do so in

2

a manner that complies with the customs of the community. *Id.* at 8 (This implicit license typically permits the visitor to approach the home by the front path, knock, wait briefly to be received, and then (absent invitation to linger longer) leave"); *see also United States v. Perea-Ray*, 680 F.3d 1179, 1188 (9th Cir. 2012).

In this case, Waldo's actions were those that would be typical of any neighbor trying to deliver a package. He approached the screened patio and finding it unlocked, entered the patio to knock on the door leading from the patio into the rest of the house. There were opened packages on a table in the patio-area, and Waldo believed that if he were to knock on the patio door, no one would hear him. Waldo reasonably entered the unlocked patio pursuant to an implicit license and did not violate the Fourth Amendment by doing so.

Additionally, the terms of the anticipatory search warrant were satisfied. Anticipatory search warrants are based upon the occurrence of a "triggering condition," which provides the probable cause needed for the search warrant to be valid. *United States v. Grubbs*, 547 U.S. 90, 94 (2006). We interpret triggering conditions in a common-sense manner rather than adopting a "hypertechnical and narrow reading of the warrant language." *United States v. Vesikuru*, 314 F.3d 1116, 1123 (9th Cir. 2002).

The anticipatory search warrant required Matthew to accept the package at his residence described in the search warrant and then to re-enter the residence.

Matthew argues that because the package was found on the front porch, the requirement that Matthew "re-enter" his residence with the package was not met. The warrant's description of the premises, however, expressly includes the "screened front patio." Without question, the front patio was part of the residence for the purposes of the search warrant. As Matthew never left his residence, but rather accepted the package while in the patio, it would be nonsensical to require that he "re-enter" his residence. *See id.* The terms of the anticipatory search warrant were satisfied.

**2.** Matthew also challenges the imposition of three special conditions of supervised release: 1) completion of sex offender treatment (special condition no. 4); 2) six polygraph examinations a year (special condition no. 5); and 3) he cannot reside or be in the company of children under age 18 (special condition no. 10). To impose special conditions of supervised release, the district court must make a finding that they relate to the "goal of deterrence, protection of the public, or rehabilitation of the offender." *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003) (vacating conditions of supervised release based solely on a sexual offense twenty years prior). Here, both parties agree that the district court did not make sufficient findings to warrant imposition of these three special conditions of supervised release. Indeed, Matthew asserted at sentencing that he had previously completed sex offender treatment as ordered by the state court. Both parties agree

that this issue should be remanded to the district court.  We therefore vacate these three special conditions of supervised released (special condition nos. 4, 5, and 10) and remand to the district court for resentencing.

**AFFIRMED in part; REVERSED in part and REMANDED for resentencing.**